IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMARIO D. ANDERSON, )
)
       Plaintiff, )
)
vs. ) Case No. 21-2530-EFM-KGG
)
HEARTLAND COCA-COLA, )
)
       Defendant. )
)

**MEMORANDUM & ORDER GRANTING
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND DENYING MOTION FOR TELPHONE RECORDS**

In conjunction with his federal court Complaint alleging employment discrimination (Doc. 1), Plaintiff Kimario D. Anderson has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed.)  He has also filed a "motion and as for [his] phone records with AT&T … ."  (Doc. 4.)  After review of Plaintiff's motion, the Court **GRANTS** the IFP application and **DENIES** the motion regarding Plaintiff's telephone records.

1

## ANALYSIS

**I.     Motion to Proceed *In Forma Pauperis.***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates that he is 41 and single with one dependent for whom he pays child support. (Doc. 3, sealed, at 1-2.) He indicates is employed, earning a modest monthly income and receiving health insurance. (*Id.*, at 2.) He does not own real property but does own two modest automobiles outright, with little stated residual value. (*Id.*, at 4.) He indicates a small amount of cash on hand. (*Id.*) He lists reasonable amounts for rent and other expenses, including gas, utilities, automobile insurance, and health insurance. (*Id.*, at 5.) He has not received government assistance in the past year. (*Id.*, at 4.) In addition to child support, Plaintiff lists other debts including a personal loan and an amount owed to the I.R.S.

Although Plaintiff's income is slightly higher than his stated monthly expenses, considering the information contained in his financial affidavit, the Court finds Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 3, sealed.)

**II.    Motion for Telephone Records.**

Plaintiff has also filed "a motion and as for [his] phone records with AT&T to show the Courts that I called in each night before I was to show up for work," leaving a voicemail message indicating he was sick. (Doc. 4.) The Court finds

that a Court Order is unnecessary for Plaintiff to compile this information. Plaintiff should be able to access his telephone records and/or detailed billing statements directly from AT&T either by calling their customer service or by accessing his billing and account information via the AT&T website. This motion is, therefore, **DENIED**. If Plaintiff is unable to retrieve his telephone records in this manner, he is instructed to file the subpoena process governed by Fed.R.Civ.P. 45 rather than file a motion seeking the records.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3, sealed) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's motion for his telephone records (Doc. 4) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of November, 2021.

                                               S/ KENNETH G. GALE
                                               KENNETH G. GALE
                                               United States Magistrate Judge