# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO D. ANDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEARTLAND COCA-COLA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 21-2530-EFM-KGG |

## MEMORANDUM & ORDER GRANTING MOTION TO AMEND

In conjunction with his federal court Complaint alleging employment discrimination against his former employer (Doc. 1), Plaintiff Kimario D. Anderson filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). The undersigned Magistrate Judge granted the IFP application on November 15, 2021. (Doc. 5.)

Plaintiff subsequently filed another lawsuit against the same Defendant, his former employer, alleging state law wage and hour claim by which Plaintiff contends his former employer failed to pay him amounts promised at the time of his termination. (*See* Case No. 21-2545-EFM-KGG, Doc. 1.) On November 24, 2021, the undersigned Magistrate Judge found that Plaintiff's wage and hour claim

1

in Case No. 21-2545-EFM-KGG is not a federal cause of action. (*See* 21-2545, Doc. 7.) The Court thus noted that it does not have jurisdiction over the wage and hour claim as a stand-alone cause of action. (*See* Case No. 21-2545-EFM-KGG, Doc. 7, at 4.) The undersigned recommend to the District Court in 21-2545-EFM-KGG that that case be consolidated with the present case, Case No. 21-2530-EFM-KGG. (*Id*., at 5.)

On December 1, 2021, the District Court denied the undersigned Magistrate Judge's recommendation to consolidate the cases and issued an order instructing to Plaintiff to show cause, on or before December 17, 2021, why Case No. 21-2545-EFM-KGG should not be dismissed for lack of subject matter jurisdiction. (*See* 21-2545-EFM-KGG, Doc. 9, at 3.) That Order, however, included the following language from the District Judge: "The Complaint in the present action [21-2545] could be treated as a request to amend the discrimination action [21-2530] to add the PTO claim, and this remains an option of Plaintiff choses." (Case No. 21-2545, Doc. 9, at 2.)

The next day, presumably before receiving the District Judge's Order by mail, Plaintiff filed his Motion to Amend in the present case. (Case No. 21-2530, Doc. 6.) Therein, Plaintiff requested to amend the present action to add "the PTO claim [from Case No. 21-2545-EFM-KGG], … after finding that the Court lacks jurisdiction over the wage and hour claim precluding consolidation of the actions."

(Doc. 6.)  Given the District Court's indication that Plaintiff has the option to amend the present case to add the PTO claim from 21-2545, the Court **GRANTS** Plaintiff's motion to amend.  <u>Plaintiff is instructed to file an Amended Complaint in the present case (Case No. 21-2530-EFM-KGG) on or before</u> **January 10, 2021**<u>, incorporating the PTO claim from Case No. 21-2545 into the present matter</u>.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of December, 2021.

                                           /S Kenneth G. Gale
                                           KENNETH G. GALE
                                           United States Magistrate Judge