IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Kimario D. Anderson, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )  Case No. **2:21-cv-02530-EFM-KGG** |
| | ) |
| Heartland Coca-Cola, | ) |
| | ) |
|         Defendant. | ) |

**ANSWER OF DEFENDANT HEARTLAND COCA-COLA BOTTLING CO., LLC.**

COMES NOW Defendant Heartland Coca-Cola Bottling Company, LLC, erroneously sued as "Heartland Coca-Cola" but hereinafter referred to as "Defendant Heartland" by and through counsel, and for its Answer to Plaintiff's Complaint states as follows, to-wit:

**EMPLOYMENT DISCRIMINATION COMPLAINT**

1. With respect to paragraphs numbered 1 of the Complaint, Defendant Heartland admits that Plaintiff has filed an employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §§ 2000e, *et seq*., but it denies each and every underlying fact alleged by Plaintiff in support of his employment discrimination lawsuit and further denies that he is entitled to any relief as requested.

2. Paragraph numbered 2 of the Complaint requires no response from Defendant Heartland.

3. Paragraph numbered 3 of the Complaint requires no response from Defendant Heartland.

**ADMINISTRATIVE PROCEDURES**

4. Defendant Heartland admits the allegations contained in paragraphs numbered 4 and 5 of the Complaint.

5. Defendant Heartland is currently without sufficient knowledge or information to formally admit or deny the allegations set forth in paragraph number 6 of the Complaint and therefore denies the same.

6. Paragraph numbered 7 of the Complaint requires no response from Defendant Heartland.

## NATURE OF CASE

7. With respect to paragraph number 8 of the Complaint, Defendant Heartland admits that Plaintiff was terminated from his employment for "good cause", but denies the remaining allegations contained therein.

8. Defendant Heartland denies the allegations contained in paragraphs numbered 9, 10 and 11 of the Complaint.

9. Defendant Heartland admits the allegations contained in paragraph number 12 of the Complaint.

10. Paragraph numbered 13 of the Complaint requires no response from Defendant Heartland.

## REQUEST FOR RELIEF

11. Defendant Heartland denies that Plaintiff is entitled to any of the relief requested.

## DESIGNATION OF PLACE OF TRIAL

12. Defendant Heartland requests that Kansas City, Kansas be the location of trial for this matter.

## REQUEST FOR JURY TRIAL

13. Defendant Heartland requests a trial by jury.

## DEFENSES & AFFIRMATIVE DEFENSES

14. Further answering, Defendant Heartland generally denies those allegations contained within Plaintiff's Complaint not heretofore admitted or denied.

15. Further answering, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant Heartland and therefore should be dismissed at Plaintiffs' costs.

16. Further answering, Plaintiff was terminated from his employment with Defendant for "good cause" and unrelated to any alleged unlawful discrimination, harassment, or retaliation against the Plaintiff.

17. Further answering, Plaintiff was terminated from his employment with Defendant for a "legitimate business reason" and unrelated to any alleged unlawful discrimination, harassment, or retaliation against the Plaintiff.

18. Further answering, Plaintiff was an "at will employee" thereby entitling Defendant Heartland to terminate Plaintiff for any reason other than any unlawful discrimination, harassment, or retaliation.

19. Further answering, and to the extent applicable and revealed through discovery, Plaintiff has failed to mitigate his damages. However, to the extent Plaintiff has mitigated his damages, then Defendant is entitled to a credit or set-off.

20. Further answering, and to the extent applicable and further revealed through discovery, Plaintiff's claim should be dismissed due to Plaintiff's failure to comply with all jurisdictional, procedural, and/or statutory, requirements, including, but not limited to, failure to exhaust administrative remedies available to Plaintiff concerning such claims.

21. Further answering, and to the extent applicable and further revealed through discovery, Plaintiff's claim is barred, in whole or in part, by the applicable statutes of limitation

and/or estoppel, laches, and/or unclean hands.

22. Further answering, and to the extent applicable and further revealed through discovery, any challenged action/conduct on the part of Defendant Heartland was not materially adverse to Plaintiff.

23. Further answering, and to the extent applicable and further revealed through discovery, Plaintiff's claims, in whole or in part, are barred by the doctrine of after acquired evidence.

24. Further answering, Defendant specifically reserves its right to amend its Answer herein and assert other affirmative defenses during the course of and at the completion of discovery in this cause, and incorporates, as though fully set forth herein, all defenses, objections, and affirmative defenses provided by FRCP 8(c)(1) and FRCP 12(b)(6).

WHEREFORE, the premises considered, Defendant prays hat Plaintiff's Complaint be dismissed, that the Plaintiff take nothing thereunder, and that the same be dismissed at Plaintiff's cost.

Respectfully submitted,

*/s/ Kenneth J. Berra*
Kenneth J. Berra, KBN #13159
Eric D. Sexton , KBN #14392
FISHER, PATTERSON, SAYLER & SMITH, LLP
51 Corporate Woods, Suite 300
9393 W. 110th Street
Overland Park, KS 66210
913-339-6757 ; Fax :  913-660-7919
kberra@fpsslaw.com
esexton@fpsslaw.com

**ATTORNEYS FOR DEFENDANT**

{O0365432}

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2021, I electronically filed the foregoing with the Clerk of the Court with service of the same being made by the Court's ECF filing system to all attorneys and parties of record.

Kimario Anderson
3002 E. Stadium Dr.
Wichita, KS 67214

***PRO SE PLAINTIFF***

                              */s/ Kenneth J. Berra*
                              KENNETH J. BERRA