IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO D. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 21-2530-EFM-KGG |
| ) | |
| HEARTLAND COCA-COLA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM & ORDER ON MOTION TO QUASH

Now before the Court is Defendant's Motion to Quash Subpoena Directed to Non-Party Verizon Wireless. (Doc. 20.) Defendant's motion is **DENIED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiff, who is representing himself *pro se*, brings claims of employment discrimination, harassment, retaliation and wrongful termination under Title VII, 42 U.S.C §2000e, *et seq.*, against Defendant, his former employer. One of the factual issues in the case will apparently be whether Plaintiff contacted Defendant to indicate he would not be attending work on a particular date.

On January 10, 2022, Plaintiff issued a subpoena *duces tecum* to his telephone provider, Verizon Wireless, seeking his billing statements and phone

1

records for his cell phone and landline from November 2016 through April 10, 2020. (Doc. 20-1.) The subpoena indicated that the requested documents were to be produced two days later, by January 12, 2022. (*Id*.)

Defendant did not confer with Plaintiff before filing the present discovery as required by D. Kan. Rule 37.2. Defendant points to Plaintiff's prior filing in which Plaintiff stated that there would be "no discussions on [his] behalf" absent an attorney present for Plaintiff.[1] (Doc. 18, Doc. 20, at 2.) As of the filing of this Order, however, Plaintiff continues to represent himself *pro se*.

Defendant contends the Verizon subpoena is "**overbroad** as to both scope and time" because it encompasses the entire period of Plaintiff's employment with Defendant. (Doc. 20, at 5 (emphasis in original).) Defendant calls the subpoena "the epitome of a 'fishing expedition.'" (*Id*. (citation omitted).)

The Court notes that Plaintiff has not responded to Defendant's motion to quash and the time to do so has expired. D. Kan. Rule 6.1(d)(1). Rather than granting this motion as uncontested pursuant to D. Kan. Rule 7.4, Defendant's arguments will be addressed on their substantive merits.

---

[1] Plaintiff filed this notice in response to the parties' duty to participate in a Rule 26(f) conference in preparation for the upcoming Scheduling Conference. While the parties were relieved of the duty to engage in a Rule 26(f) conference, the Court set the case for a Scheduling Conference. (*See* Doc. 19, text Order.) In other words, the case is proceeding whether Plaintiff engages counsel or continues to represent himself *pro se*. The Court fully expects and instructs Plaintiff to engage in any and all necessary "discussions" going forward.

# ANALYSIS

**A.     Legal Standards.**

**1.     Rule 26.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. These standards apply to discovery served on a party as well as a subpoena issued to a non-party. *See generally* ***Schumacher v. Hardwoods Specialty Prod. US, LP***, No. 18-4130-HLT-KGG, 2019 WL 4689459 (D. Kan. Sept. 26, 2019).

**2.     Rule 45.**

Subpoenas are governed by Fed.R.Civ.P. 45. Subsection (d) of that Rule governs enforcement and "protecting a person subject to a subpoena." Subsection (d)(1) of the Rule states, in relevant part, that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

3

undue burden or expense on a person subject to the subpoena." Subsection (d)(2)(B) of the Rule relates to objections to subpoenas and states, in part:

> **A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection** to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
>> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>>
>> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(Emphasis added.) Subsection (d)(3)(A) enables the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (ii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

    Defendant argues that "the Court must balance Plaintiff's need for the information with the potential for undue burden or expense imposed on the third-

4

party respondent, i.e., non-party Verizon Wireless." (Doc. 20, at 4.) As discussed in Section B, *infra*, Defendant is not in a position to raise these objections.

**B.     Standing.**

Defendant's motion must be denied because Defendant does not have standing to raise the objections contained in its Motion to Quash. The subpoena at issue was not served on Defendant, but instead on the third party Verizon. It is well-established in this District that "[g]enerally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." ***Transcor, Inc. v. Furney Charters, Inc.***, 212 F.R.D. 588, 590 (D. Kan. 2003) (citing ***Hertenstein v. Kimberly Home Health Care, Inc.***, 189 F.R.D. 620, 635 (D.Kan.1999)). See also ***McDonald v. Kellogg Co.***, No. 08-2473-JWL, 2009 WL 10664465, at *1 (D. Kan. Nov. 5, 2009) (holding that "[o]nly the person or entity to whom a subpoena is directed can seek to quash or modify that subpoena under Rule 45[d].").

An exception to the requirement that a motion to quash must be brought by the party to whom the subpoena is directed exists "where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." ***Smith v. Midland Brake, Inc.***, 162 F.R.D. 683, 685 (D.Kan.1995) (citing ***Kansas Health Care Assoc., Inc. v. Kansas Dept. of Social and Rehab. Servs.***, 1990 WL 255000 (D.Kan.1990). See also ***Holick v.***

*Burkhart*, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *5 (D. Kan. Aug. 28, 2017) (quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).  In the present motion, Defendant has enumerated no such right or privilege relating to the information requested from the subpoena.  The subpoena is directed at Plaintiff's own personal telephone records and Defendant clearly has no connection or right as to the documents.  Defendant thus has no standing to raise the objections contained in the motion to quash the subpoena.  Defendant's motion (Doc. 20) is, therefore, **DENIED**.

**C.    Other Issues Relating to Subpoena.**

The timing and sequence of discovery is governed by Fed.R.Civ.P. 26(d)(1), which provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  While the Court ultimately relieved the parties of the requirement of a Rule 26(f) conference (*see* Doc. 19, text Order of 1/25/22), this had not yet occurred when Plaintiff issued the subpoena at issue on January 10, 2022.  Under these circumstances, Plaintiff would have only been allowed to obtain early discovery upon the parties' stipulation or by

Court order.[2]  Defendant did not raise this objection in its motion, however, so the Court will not determine the motion based on this issue.

Going forward, because the parties have been relieved of the requirement to have a Rule 26(f) conference, the Court instructs them to **refrain from engaging in discovery until after the Scheduling Conference**, currently set for **March 15, 2022**.  (Doc. 19, text Order.)  In other words, **additional discovery or subpoenas may not be served until the Scheduling Conference conference occurs**.  The parties are also instructed to comply with the requirements of Fed.R.Civ.P. 45 regarding notice and service of subpoenas as the case proceeds.[3]

Additionally, the Court acknowledges that Plaintiff did not give Verizon an adequate time to respond to the subpoena.  Verizon was directed to provide the requested information by January 12, 2022, two days after the subpoena was issued.  (Doc. 20-1.)  If Verizon has not yet complied with the subpoena, the Court will allow it until **March 14, 2022**, to do so.

---

[2]  Courts in this District apply the "reasonableness" or "good cause" test to determine whether to allow expedited discovery.  ***Bradley by and through King v. United States***, No. 16-1435-EFM-GLR, 2017 WL 1210095, at *3 (D. Kan. April 3, 2017).  Plaintiff's attempt to compile his own telephone records is reasonable at this stage of the proceedings.

[3]  Fed.R.Civ.P. 45(a)(4) states "[i]f the subpoena commands the production of documents ... then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  "The requirement that notice be provided to the parties before service of the subpoena allows opposing counsel time to object to the subpoena."  ***Butler v. Biocore Medical Technologies, Inc.***, 348 F.3d 1163 (10th Cir.2003); ***Allender v. Raytheon Aircraft Company***, 220 F.R.D. 661 (D.Kan.2004).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash (Doc. 20) is **DENIED**.

IT IS SO ORDERED.

Dated this 14th day of February, 2022, at Wichita, Kansas.

                              s/ KENNETH G. GALE
                              HON. KENNETH G. GALE
                              U.S. MAGISTRATE JUDGE