IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO D. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-2530-EFM-KGG |
| ) | |
| HEARTLAND COCA-COLA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT**

Before the Court is the Plaintiff's Motion to Amend his Complaint to substitute "the Defendant's name and address … from Heartland Coca-Cola to Coca-Cola Company." (Doc. 23.) The motion is **DENIED** because the proposed amendment would be futile.

**BACKGROUND**

Plaintiff, who represents himself *pro se*, brings claims of employment discrimination, harassment, retaliation and wrongful termination under Title VII, 42 U.S.C §2000e, *et seq*., against Defendant, his former employer. (*See generally* Doc. 1.) In the present motion, Plaintiff contends the Coca-Cola Company, rather than current-Defendant Heartland, is "more of an appropriate headquarter [sic] office based in Atlanta, Georgia that handles the legal situations." (Doc. 23.) Plaintiff also contends he was hired "with this headquarter [sic] that was then

1

named Coca-Cola Refreshments and now Heartland Coca-Cola according to politics." (*Id.*)

Defendant responds that Plaintiff's administrative charges of discrimination, initiated in June 2020, were brought against "Heartland Coca-Cola." (Doc. 24, at 2.) Although Defendant's legal name is "Heartland Coca-Cola Bottling Co., LLC," Defendant responded to Plaintiff's charges with the KHRC and the EEOC and answered Plaintiff's Complaint. (*Id.*) Defendant correctly asserts that "[a]t no time during the pendency of [either administrative agency proceedings] did Plaintiff ever allege or claim that The Coca-Cola Company in Atlanta, Georgia, was ever involved." (*Id.*, at ¶¶ 4, 6.)

## ANALYSIS

**A.    Standards for Motions to Amend.**

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1365 (10th Cir.1993).

A court is, however, justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir.1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).  Defendant argues that Plaintiff's proposed amendment is futile because

> Plaintiff failed to name The Coca-Cola Company of Atlanta, Georgia, as a named party in the administrative proceedings which constitutes a failure to exhaust remedies against The Coca-Cola Company of Atlanta, Georgia, which is an affirmative defense that may be raised The Coca-Cola Company of Atlanta, Georgia, under Rule 12(b)(6) … .

(Doc. 24, at 3 (citing **Hickey v. Brennan**, 969 F.3d 1113, 1118 (10th Cir. 2020); **Cirocco v. McMahon**, 768 Fed.Appx. 854, 857-858 (10th Cir. 2019); **Lincoln v. BNSF Railway Co.**, 900 F.3d 1166, 1185 (10th Cir. 2018); **Payan v. United Parcel Serv.**, 905 F.3d 1162, 1169 (10th Cir. 2018).)

The cases cited by Defendant support the proposition that "the filing of an EEOC charge [as] a jurisdictional prerequisite to suit is no longer correct." **Lincoln**, 900 F.3d at 1185.  *See also* **Hickey**, 969 F.3d at 1118 (10th Cir. 2020).  In other words, the failure to file an administrative charge of discrimination is no longer fatal to bringing an employment discrimination or harassment lawsuit in federal court.  Rather, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative

3

defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." ***Lincoln***, 900 F.3d at 1185.

In other words, even though Plaintiff has not filed an administrative charge of discrimination against the Coca-Cola Company, the District Court still has jurisdiction over Plaintiff's claims. That stated, claims against the Coca-Cola Company are likely to be dismissed as futile once the Coca-Cola Company raises the defense, in a motion to dismiss, that Plaintiff failed to file an administrative charge of discrimination against it. *See **Ayesh v. Butler Co. Sheriff's Office***, No. 19-1183-EFM-KGG, 2019 WL 6700337, at *2 (D. Kan. Dec. 9, 2019).[1]

Additionally, Defendant contends that it "admitted in paragraph 7 of its Answer that it was the company that terminated Plaintiff from his job." (Doc. 24, at 2.) In reality, paragraph 7 of Defendant's Answer states "Defendant Heartland admits that Plaintiff was terminated from his employment for 'good cause' … ." *See* Doc. 10, at ¶ 7. This language from Defendant's Answer merely admits that Plaintiff was terminated and that the termination was for good cause. The language does not admit that *Defendant* is the entity that terminated Plaintiff's

---

[1] Plaintiff's potential claims against the Coca-Cola Company are subject to dismissal for failure to exhaust administrative remedies absent Plaintiff establishing waiver, estoppel, and/or equitable tolling of the deadline to file an administrative charge against the Coca-Cola Company. ***Ayesh***, 2019 WL 6700337, at *2, at n.10. *See also **Payan v. United Parcel Serv.***, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted). Nothing in Plaintiff's motion or reply brief establish the applicability of any of these circumstances as to Plaintiff's proposed claims against the Coca-Cola Company.

employment. The Court will, however, take this statement in Defendant's brief in opposition (Doc. 24, at 2) as an admission that it was the entity that terminated Plaintiff's employment.

Defendant further concedes that

> while Plaintiff may have worked for Coca-Cola Refreshments, a subsidiary of The Coca-Cola Company in Atlanta, Georgia, for some period of time, on February 25, 2017, Heartland Coca-Cola Bottling Co., LLC, bought the assets of Coca-Cola Refreshments from The Coca-Cola Company in Atlanta, Georgia, and formed Heartland Coca-Cola Bottling Co., LLC. **At the time of Plaintiff's termination in April 2020, Plaintiff was an employee of Heartland Coca-Cola Bottling Co., LLC, and not The Coca-Cola Company in Atlanta, Georgia**.

(*Id*. (emphasis added).) Plaintiff's reply brief does not dispute this. (*See generally* Doc. 25.)

Instead, Plaintiff's reply brief includes the conclusory statement that the "problems" with his employment "originated … with the Coca-Cola Company (Coca-Cola Refreshments) and a new subsidiary," presumably Defendant, "had nothing to do with the original discriminatory acts in this case to my knowledge … ." (*Id*., at 8.) Plaintiff's Complaint, however, relates only to claims of harassment and disparate treatment occurring from December 2019 until the termination of his employment in April 2020. (Doc. 1, at 7.) This time frame, by Defendant's admission, is when Defendant employed – and ultimately terminated – Plaintiff. Defendant thus argues that Plaintiff's proposed amendment replacing Defendant

with the Coca-Cola Company would "add a party to this litigation that has no involvement with the facts/circumstances as alleged in Plaintiff's current Complaint thereby making such party subject to dismissal." (Doc. 24, at 3.) The Court agrees.

In summation, by Defendant's admission, Plaintiff was an employee of Defendant at the time of his termination. Additionally, by Defendant's admission, it was the entity that terminated Plaintiff's employment. Finally, the allegations contained in Plaintiff's Complaint occurred *after* Defendant Heartland Coca-Cola bought the assets of Coca-Cola Refreshments from the Coca-Cola Company in Atlanta, Georgia. Simply stated, Plaintiff's proposed amendment to replace Defendant with the Coca-Cola Company would be futile. The Motion to Amend (Doc. 23) is, therefore, **DENIED**.

**IT IS ORDERED**.

Dated this 8th of March, 2022.

/S KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge