# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO D. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 21-2530-EFM-KGG |
| ) | |
| HEARTLAND COCA-COLA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM & ORDER ON MOTION TO QUASH DEPOSITION

Now before the Court is Plaintiff's "Motion to Quash Defendant Heartland Coca-Cola's Deposition Due to Summary Judgement [sic] Submission." (Doc. 51.) While styled as a Motion to Quash, Plaintiff also requests that the Court "quash further depositions from here on and ask not to have any further proceedings besides this summary judgment which may cause confusion amid the mountain of paperwork already submitted" – in essence staying the case pending a ruling by the District Court on Plaintiff's dispositive motion. (*Id*.) Plaintiff's Motion to Quash (Doc. 51) is **DENIED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiff, who is representing himself *pro se*, brings claims of employment discrimination, harassment, retaliation and wrongful termination under Title VII, 42 U.S.C §2000e, *et seq*., against Defendant, his

1

former employer. One of the factual issues in the case will apparently be whether Plaintiff contacted Defendant to indicate he would not be attending work on a particular date.

On March 15, 2022, the Court conducted a Scheduling Conference in this case, which resulted in the entry of a Scheduling Order. (Doc 30.) The Scheduling Order, which remains in effect, includes a discovery deadline of October 14, 2022. (*Id.*) Thus, the discovery period in this case remains active. On August 31, 2022, Defendant filed a notice to depose Plaintiff (Doc. 44) on September 20, 2022 – prior to the October discovery deadline.

On September 2, 2022, Plaintiff filed a motion for summary judgment, which remains pending before the District Court. (Doc. 45.) Plaintiff filed supplements to the dispositive motion on September 6, 7, and 19, 2022. (Docs. 46, 48, and 50.) Defendant subsequently filed a motion to strike Plaintiff's dispositive motion. (Doc. 47.) That motion also remains pending before the District Court. Defendant also served Requests for Admission on Plaintiff on September 12, 2022.

Plaintiff filed the present motion to quash on September 22, 2022. (Doc. 51.) The time has not expired for Defendant to respond to the motion. Because of the effect on pending and potential discovery, the Court finds that a response is unnecessary.

## ANALYSIS

**I.      Motions to Quash.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecomm. Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance is established, the legal burden resides with the party opposing the discovery of the information requested.  ***Purewave Networks, Inc. v. Stutler Tech. Corp.***, No. 13-2181-EFM-KGG, 2013 WL 6179183, at *2 (D. Kan. Nov. 25, 2013) (citing ***Masters v. Gilmore***, No. 08-2278-LTB-KLM, 2009 WL 4016003, at *2 (D. Colo. Nov. 17, 2009) (holding that the

3

burden lies with the party objecting to discovery of information that is the subject of a subpoena)). Cf. **Swackhammer v. Sprint Corp. PCS**, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (stating that, in the context of a motion to compel, the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); **Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 685 (D.Kan.1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters ... .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id*. *See also* ***Purewave***, 2013 WL 6179183, at *1; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. ***Zhou v. Pittsburg State Univ.***, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D. Kan. July 25, 2002). In this context, the Court will analyze the 30(b)(6) deposition notice at issue.

Plaintiff acknowledges that the discovery deadline is three weeks away. (Doc. 51.) That stated, Plaintiff contends that Defendant "had enough time I believe before mediation and during interrogatories to discover all aspects of areas and amounts of questions and information with satisfaction before summary judgement was submitted September 2nd 2022." (*Id*.) This does not establish good cause for quashing the deposition.

It is well-established that courts generally will not interfere with a party's chosen manner and method of discovery. ***McCloud v. Board of Geary County Comm'rs***, No. 06–1002–MLB, 2008 WL 3502436, at *2 (D. Kan. Aug. 11, 2008) (citing ***Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.***, No. 9402395–GTV, 1995 WL 625962, at *5 (D. Kan. Oct. 5, 1995) ). The Court finds the same is generally true for the timing and sequence in which a party chooses to

5

complete discovery if that discovery occurs in the time allotted for discovery in the Court's Scheduling Order.  ***Funk v. Pinnacle Health Facilities XXXII, LP****,* 17-1099-JTM-KGG, 2019 WL 280950, at *3 (Jan. 22, 2019).[1]  The fact that Plaintiff filed a Motion for Summary Judgment prior to the close of discovery does not preclude Defendant from engaging in discovery.  This is particularly true of the deposition of Plaintiff, which will allow Defendant to fully explore Plaintiff's claims and factual support therefore.[2]  Plaintiff's request to quash the deposition is **DENIED**.

## II.     Motion to Stay.

In support of the request to stay further discovery and proceedings, Plaintiff argues that discovery is improper because a summary judgment motion has been filed.  (Doc. 51.)  Plaintiff contends that the parties should "let the Judge comb through the documentation already submitted before the courts and [he thus] ask[s] the courts to quash further depositions from here on and ask not to have any further

---

[1] Plaintiff also states that he "feels" the deposition is in an inappropriate venue, but does not elaborate as to how or why the venue may be improper.  As such, this objection is **overruled** as unsupported.

[2] The Court notes that Plaintiff's deposition was noticed for September 20, 2022, which was two days before Plaintiff filed the present motion to quash.  Because the Court is deciding Plaintiff's motion on substantive grounds – and because the Court does not know whether the deposition occurred as noticed – the Court will not address the issue of Plaintiff's motion potentially being filed in an untimely manner.

proceedings besides this summary judgment which may cause confusion amid the mountain of paperwork already submitted." (*Id.*)

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. ***McCoy***, 2007 WL 2071770, at *2.

It is well-established in the District of Kansas that discovery should not be stayed merely because a dispositive motion has been filed. ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994). However, there are recognized exceptions to this policy. A stay is appropriate where one or more of the following factors exist: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's

7

immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). *See also* **Toney**, 2018 WL 5830398, at *1; *Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec.19, 2013).

While not reaching a conclusion as to the substantive merits of Plaintiff's summary judgment motion, the Court finds it unlikely that the dispositive motion, if granted, would potentially conclude the case in its entirety, as enumerated in the first exception, above. Further, the Court anticipates that the requested deposition – and further discovery in general – could impact the resolution of the summary judgment motion. The Court therefore **DENIES** Plaintiff's request for a stay. Simply stated, the existence of Plaintiff's summary judgment motion alone does not justify a stay.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash (Doc. 51) is **DENIED**.

IT IS SO ORDERED.

Dated this 26th day of September, 2022, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE