# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KIMARIO D. ANDERSON, )
)
Plaintiff, )
)
v. ) Case No.: 21-2530-EFM-KGG
)
HEARTLAND COCA-COLA, )
)
Defendant. )
_____ )

## MEMORANDUM & ORDER
## DENYING MOTION FOR PROTECTIVE ORDER

Now before the Court is Plaintiff's "Motion for Protective Order." (Doc. 53.) After review of the submissions of the parties, Plaintiff's Motion (Doc. 53) is **DENIED** for the reasons set forth below.[1]

## FACTUAL BACKGROUND

In the present action, Plaintiff, who is representing himself *pro se*, brings claims of employment discrimination, harassment, retaliation and wrongful termination under Title VII, 42 U.S.C §2000e, *et seq.*, against Defendant, his former employer. On March 15, 2022, the Court conducted a Scheduling Conference in this case, which resulted in the entry of a Scheduling Order. (Doc

---

[1] Because of the effect on pending and potential discovery and the looming discovery deadline, the Court finds that a reply from Plaintiff is unnecessary.

1

30.) The Scheduling Order, which remains in effect, includes a discovery deadline of October 14, 2022. (*Id*.)

Defendant served written discovery to Plaintiff on April 4, 2022 (Doc. 38), which Plaintiff answered on April 20, 2022. The parties then participated in mediation with David Calvert on August 11, 2022. Defendant decided not to depose Plaintiff prior to mediation "in the hope of avoiding an unnecessary expense … ." (Doc. 55, at 1.) The mediation was unsuccessful.

Thereafter, defense counsel emailed Plaintiff email on August 11, 2022, requesting dates/times for Plaintiff's deposition. (Doc. 55-1.) Upon receiving no response, Defense counsel emailed Plaintiff again on August 26, 2022, advising that he would set the deposition per his own calendar if Plaintiff did not respond by 5 p.m. on August 29, 2022. (Doc. 55-2.) The Court notes that there is nothing nefarious or out of the ordinary about defense counsel's emails to Plaintiff.

After received no response to these emails, on August 31, 2022, defense counsel noticed Plaintiff's deposition for September 20, 2022, with a location of the Regus Kansas, Wichita - Grand Hotel at Union Station 801 E. Douglas Avenue, 2nd Floor, Wichita, Kansas. (Doc. 55, at 2; Doc. 44.) According to defense counsel, this location was selected by the court reporting company as defense counsel does not have an office in Wichita, Kansas. (Doc. 55, at 2.)

On September 2, 2022, Plaintiff filed a motion for summary judgment, which remains pending before the District Court. (Doc. 45.) Plaintiff filed supplements to the dispositive motion on September 6, 7, and 19, 2022. (Docs. 46, 48, and 50.) Defendant subsequently filed a motion to strike Plaintiff's dispositive motion. (Doc. 47.) That motion also remains pending before the District Court. Defendant also served Requests for Admission on Plaintiff on September 12, 2022.

Plaintiff called defense counsel on September 19, 2022, to request that the deposition be moved. The parties agreed to October 13, 2022, at the same location. (Doc. 55, at 2; Doc. 54; Doc. 55-3.) An amended deposition notice was filed on October 3, 2022. (Doc. 54.)

Plaintiff filed a motion to quash on September 22, 2022. (Doc. 51.) Therein, Plaintiff requested that the Court "quash further depositions from here on and ask not to have any further proceedings besides this summary judgment which may cause confusion amid the mountain of paperwork already submitted" – in essence requesting the Court stay the case pending a ruling by the District Court on Plaintiff's dispositive motion. (*Id.*) The undersigned Magistrate Judge previously denied that motion. (Doc. 52.)

In the present motion, Plaintiff complains that he feels "pressured," "threatened," and "very frustrated" in regard to the scheduling and location of Plaintiff's deposition. (Doc. 54, at 3.) The Court notes that the deposition has

been noticed to occur at a business location in downtown Wichita.  Plaintiff states he is "scared for [his] life due to [defense counsel] setting" the deposition at the stated location and that he "feel[s] abusive behavior will take place" at the noticed location because "the defense has made into a place to go as a woodshed to take me out there in which I have no attorney … ."  (*Id.*)

      Plaintiff continues that he does not "agree to any further interrogatories of the Defendant … nor answering any further questions from them … ."  (Doc. 53, at 3.)  Plaintiff requests that if the Court allows his deposition to proceed, the Court "provide protective service while meeting the defendant … and change the place to meet to some place secure."  (*Id.*)

## ANALYSIS

**I.**    **Motions for Protective Order.**

      Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;

> \* \* \*
>
> (D) forbidding inquiry into certain matters, or limiting
> the scope of disclosure or discovery to certain matters ... .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id.  See also* **Purewave**, 2013 WL 6179183, at \*1; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ**., No. 01-2493-KHV, 2002 WL 1932538, at \*2 (D. Kan. July 25, 2002).

The Court acknowledges the challenges faced by Plaintiff in representing himself *pro se*.  That stated, the Court finds nothing unusual or "threatening" about Defendant's actions in attempting to schedule Plaintiff's deposition, nor is there anything unusual as to Defendant's use of written discovery.  There is nothing concerning or dangerous about Plaintiff's deposition being set for a business office in downtown Wichita chosen by the court reporter.  Further, as the undersigned Magistrate Judge has previously held in this case,

> [t]he fact that Plaintiff filed a Motion for Summary
> Judgment prior to the close of discovery does not
> preclude Defendant from engaging in discovery.  This is
> particularly true of the deposition of Plaintiff, which will

> allow Defendant to fully explore Plaintiff's claims and factual support therefore.

(Doc. 52.)  Simply stated, Plaintiff has not established good cause for the Court to issue the requested protective order.  Good cause has not been established to change the location of the deposition or for the Court to provide "protective service" to Plaintiff.  Plaintiff's Motion for Protective Order (Doc. 53) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (Doc. 53) is **DENIED**.

IT IS SO ORDERED.

Dated this 4th day of October, 2022, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE