IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMARIO D. ANDERSON,

   *Plaintiff,*

vs.

   Case No. 2:21-cv-02530-EFM-KGG

HEARTLAND COCA-COLA,

   *Defendant.*

**MEMORANDUM AND ORDER**

  Before the Court is Defendant Heartland Coca-Cola ("Heartland")'s Motion to Strike pro se Plaintiff Kimario D. Anderson's Motion for Summary Judgment due to a failure to follow D. Kan. Rules 7.4(a) and 56.1(a). Because Anderson has failed to comply with the relevant rules regarding a motion for summary judgment, the Court grants Heartland's Motion.

  **I.**  **Factual and Procedural Background**

  In the present action, Plaintiff Kimario D. Anderson, who is proceeding pro se, brings claims of employment discrimination, harassment, retaliation and wrongful termination under Title VII, 42 U.S.C §2000e, et seq., against Heartland, his former employer. After roughly ten months of litigation, Anderson filed the present Motion for Summary Judgment. His motion does not include a brief or memorandum. Neither does he identify the exact claims upon which he seeks

summary judgment. He does not include a numbered statement of facts but solely a one-page, handwritten statement of the facts without any sort of citation. Of the 223 pages consisting of Anderson's "Summary Judgment Exhibits," the majority are unsworn statements by Anderson, copies of pleadings in this case, printout of pages from websites, and a few letters from agencies regarding Anderson's complaint.

In response, Heartland moved to strike Anderson's Motion or in the alternative to deny the Motion for failure to comply with the District of Kansas local rules regarding summary judgment motions.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[1] In doing so, the party must "identify[] each claim or defense--or the part of each claim or defense--on which summary judgment is sought."[2] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[3] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[4] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[5] These facts must be clearly identified through affidavits,

---

[1] Fed. R. Civ. P. 56(a).

[2] *Id.*

[3] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[5] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[6] The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[7]

### III.     Analysis

**A.     Anderson's failure to follow D. Kan. Rules 7.4(A) and 56.1 requires this Court to strike his Motion for Summary Judgment.**

Under the District of Kansas local rules, "[t]he court may summarily deny a motion not accompanied by a required brief or memorandum."[8] In the context of motions for summary judgment, that memorandum "must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."[9]

For example, the court in *Brown v. Titan Prot. & Consulting*[10] addressed a pro se plaintiff's motion for summary judgment where the plaintiff had not filed a brief or memorandum.[11] Despite the plaintiff's pro se status, the court quickly and summarily denied the plaintiff's motion "[b]ecause the plaintiff's motion completely fails to comply with the most basic rules and procedures for summary judgment motions."[12]

---

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[8] D. Kan. R. 7.4(a).

[9] D. Kan. R. 56.1(a).

[10] 2021 WL 2338284 (D. Kan. 2021).

[11] *Id.* at *2.

[12] *Id.*

The Court finds this case directly on point, especially considering Anderson's pro se status. Of course, courts must construe pro se pleadings liberally, even on summary judgment.[13] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[14] The Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[15] Therefore, "a pro se plaintiff must strictly comply with the requirements of Rule 56" in contesting or bringing a motion for summary judgment.[16]

Here, Anderson's Motion for Summary Judgment fails to abide by the applicable rules of procedure. First, Anderson does not include any brief or memorandum in support of his Motion. Second, there is no numbered statement of facts as required by D. Kan. Rule 56.1 and, most importantly, no citation to any admissible evidence in support of his alleged facts. Therefore, because of Anderson's failure to follow the procedures outlined in D. Kan. Rules 7.4(a) and 56.1(a), the Court summarily denies his Motion.

**IT IS THEREFORE ORDERED** that Anderson's Motion for Summary Judgment (Doc. 45) is **DENIED.**

**IT IS FURTHER ORDERED** that Heartland's Motion to Strike Anderson's Motion for Summary Judgment (Doc. 47) is **GRANTED.**

---

[13] *See Cummings v. Am. Postal Worker's Union, Loc. 7, AFL-CIO*, 2022 WL 2188008, at *2 (10th Cir. 2022).

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (further citations and quotations omitted); *see also Ingram v. Werholz*, 2022 WL 2317849, at *6 (10th Cir. 2022) (quoting same language) (citation omitted).

[16] *Franke v. ARUP Lab'ys, Inc.*, 390 F. App'x 822, 826 (10th Cir. 2010); *see also Winter v. Mansfield*, 2021 WL 4354617 (D. Kan. Aug. 27, 2021), *aff'd*, 2022 WL 3652464, at *3 (10th Cir. 2022) (requiring strict compliance of a pro se plaintiff regarding D. Kan. R. 56.1(a)).

**IT IS SO ORDERED.**

Dated this 27th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE