# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KIMARIO D. ANDERSON,

    *Plaintiff,*

vs.

    Case No. 2:21-cv-2530-EFM-KGG

HEARTLAND COCA-COLA,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Heartland Coca-Cola's Motion for Summary Judgment (Doc. 67) on pro se Plaintiff Kimario D. Anderson's claims for discrimination under Title VII, including racial and religious retaliation, and retaliation for whistleblowing under Kansas law. For the reasons set forth below, the Court grants Defendant's Motion.

### I.    Factual and Procedural Background[1]

This is an employment dispute case. Plaintiff worked for Defendant until April 10, 2020, when he was fired after his latest failure to show up for work. In evaluating employee's tardiness, Defendant employs a points-based system, informing employees through its Time and Attendance

---

[1] The facts are those uncontroverted by the parties viewed in the light most favorable to the party opposing summary judgment—here, Plaintiff.

Policy of this system. Under the Policy, accruing fifteen or more points subjects an employee to termination. Plaintiff was aware of this Policy, as shown by his signing acknowledgements of Defendant's policies first on July 26, 2017, and then again on February 27, 2019. This second signing acknowledged that Defendant had instituted a new and subsequent set of policies which updated the original Policy.

After his termination, Plaintiff filed a Charge of Discrimination (the "Charge") with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC)". The Charge reads:

> Prior to and including, December 2019, to April 10, 2020, I was subjected to verbal harassment, including jokes and derogatory racial slurs. Furthermore, during this same time frame, I was subjected to disparate treatment comparted to similarly situated employees, including but not limited to being treated less favorably, being given worse job duties and being alienated from my co-workers.

There is no evidence before the Court supporting Plaintiff's alleged mistreatment. After the Charge was filed, Defendant attempted to conduct an investigation into the alleged misconduct but was unable to because of the lack of factual specificity in Plaintiff's Charge.

Plaintiff later filed two "Whistleblower Complaints," claiming that he was discharged in retaliation for whistleblowing, i.e., revealing Defendant's violation of a rule, regulation, or law pertaining to public health, safety, and the general welfare. The only underlying allegations Plaintiff made in support of these claims was that Defendant required employees to lock up company equipment and Defendant had two simultaneous and conflicting policy handbooks.

Defendant filed the present Motion on December 8, 2022. Instead of responding to Defendant's Motion in accordance with this Court's rules, Plaintiff submitted two formless "Objections." Each is few pages long and full of nonsensical statements, conclusions, and

Plaintiff's apparent confusion as to whether this is a civil or criminal case.[2] At no point does Plaintiff address Defendant's arguments or controvert Defendant's listed facts.

Defendant submitted a Motion to Strike (Doc. 77) these Objections, in response to which Plaintiff submitted yet another Objection. However, the Court finds Plaintiff's Objections immaterial to the outcome of Defendant's Motion for Summary Judgment in that the content of the Objections is itself wholly irrelevant and, to the extent they assets factual contentions, unsupported by admissible evidence.

## II.     Legal Standards

### A.  **Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[5] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[6] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—

---

[2] For example, Plaintiff urges this Court that "U.S. Magistrate Judge has already overruled the defendants objections to pro se Plaintiffs factual contentions." Likewise, Plaintiff recommends "the court throw out this summary judgement raised by the defendant Heartland Coca Cola and stand firm and strong in a mighty effort to a fair jury trial that has already been dated." The rest of Plaintiff's Objections is even less helpful.

[3] Fed. R. Civ. P. 56(a).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[6] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

conclusory allegations alone cannot survive a motion for summary judgment.[7] The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[8]

**B.     Pro se parties**

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[9] Accordingly, a pro se litigant is entitled to a liberal construction of his pleadings.[10] If a court can reasonably read a pro se pleading in such a way to advance a legal argument despite the plaintiff's "failure to cite proper legal authority . . . confusion of various legal theories . . . or [the plaintiff's] unfamiliarity with the pleading requirements."[11] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[12]

### III.     Analysis

**A.     Plaintiff's Charge sufficiently exhausted his administrative remedies for his Title VII claim.**

Defendant first argues that Plaintiff has failed to exhaust his administrative remedies for his Title VII claims. "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter" as per 42 U.S.C. § 2000e-5(e)(1).[13] "This individual filing requirement is intended to

---

[7] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[8] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[9] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[10] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018) (further citations and quotations omitted).

protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims."[14] Although an EEOC charge is "liberally construed" courts must limit their interpretation to "the scope of investigation that can reasonably be expected to follow."[15] As such, charges filed with the EEOC must contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices" or "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."[16] "[A] complete absence of factual specificity . . . defeats a plaintiff's subsequent claims."[17]

Here, the Charge factually alleges:

> Prior to and including, December 2019, to April 10, 2020, I was subjected to verbal harassment, including jokes and derogatory racial slurs. Furthermore, during this same time frame, I was subjected to disparate treatment comparted to similarly situated employees, including but not limited to being treated less favorably, being given worse job duties and being alienated from my co-workers.

Here, Plaintiff's charge adequately describes the general conduct which forms the basis for his Complaint. Although Plaintiff fails to identify any bad actors within the body of his Charge, liberally construed, it can easily refer to his supervisor or supervisors at the time. An investigation could reasonably be expected to reveal the identity of these allegedly "bad actors" by simply comparing the dates involved to Plaintiff's work records to discover who his supervisors were at

---

[14] *Id.*

[15] *Lister v. City of Wichita*, 2022 WL 3081417, at *4 (D. Kan. 2022) (citing *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007)).

[16] 29 C.F.R. § 1601.12(a)–(b); *see also Manning v. Blue Cross & Blue Shield of Kan. City*, 2012 WL 2449843, at *2 (D. Kan. 2012), aff'd, 522 F. App'x 438 (10th Cir. 2013).

[17] *Manning*, 2012 WL 2449843, at *2 (D. Kan. 2012).

the time.[18]   Defendant's purported inability to investigate the alleged acts is irrelevant. Accordingly, Plaintiff sufficiently exhausted his administrative remedies for his Title VII claim.

**B.     Plaintiff fails to state a claim under Title VII.**

To survive summary judgment in Title VII cases, a plaintiff must establish discrimination through either direct evidence or through the burden-shifting framework of the *McDonnell Douglas Corp. v. Green*.[19]  summary judgment.[20]  Under *McDonnell Douglas*, the plaintiff must first put forth evidence establishing a prima facie case of discrimination.[21]  To establish a prima facie case of discrimination, a plaintiff must show: "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class."[22]  "Only after the plaintiff clears this initial hurdle does the burden shift to the employer to prove a 'legitimate, non-discriminatory reason for the adverse employment action.' "[23]  Finally, should the employer carry its burden, the plaintiff must "introduce evidence that the stated nondiscriminatory reason is merely a pretext."[24]

---

[18] *Hernandez v. United Builders Serv., Inc.*, 2019 WL 5790702, at *4 (D. Colo. Aug. 19, 2019), *report and recommendation adopted in part, rejected in par on other grounds*, 2019 WL 4744788 (D. Colo. 2019) ("The Court is unaware of any requirement that a charge of discrimination that identifies the employer charged with unlawful discrimination or harassment must also specifically identify each bad actor alleged to have engaged in the unlawful conduct.").

[19] 411 U.S. 792 (1973).

[20] *See* 411 U.S. 792 (1973); *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002) ("In cases brought under Title VII and the ADEA where circumstantial evidence is the basis for the claim, our analysis at the summary judgment stage is governed by the burden-shifting framework laid out in *McDonnell Douglas*.").

[21] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

[22] *Khalik*, 671 F.3d at 1192; *see also Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981) (plaintiff's burden establishing disparate treatment prima facie case not onerous).

[23] *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (quoting *Khalik*, 671 F.3d at 1192).

[24] *Singh v. Cordle*, 936 F.3d 1022, 1037 (10th Cir. 2019) (further quotations and citations omitted).

In the present case, Plaintiff offers no evidence whatsoever in support of his position. Not only is there a lack of evidence of direct discrimination but Plaintiff fails to even attempt to establish a prima facie case under *McDonnell Douglas*. Although Defendant does not dispute that Plaintiff as an African American is a member of a protected class and that he suffered an adverse employment action, there is no evidence that Plaintiff was qualified to keep his position nor that he was treated less favorably than others not in his protected class. Instead of offering evidence to the contrary, Plaintiff relies solely on the sparse factual allegations in his Complaint, which are naturally insufficient to oppose a motion for summary judgment. Therefore, Defendant's Motion regarding Plaintiff's Title VII claims is granted.

**C.    Plaintiff's second claim fails because there is no evidence Defendant violated law, rules, or regulations pertaining to public health, safety, and the general welfare.**

Liberally construing Plaintiff's pleadings, he has also asserted a claim for retaliatory discharge based on whistleblowing under Kansas law. As defined by Kansas courts, this claim requires a plaintiff to prove:

> [(1)] A reasonably prudent person would have concluded the employee's co-worker or employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; [(2)] the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and [(3)] the employee was discharged in retaliation for making the report.[25]

Regarding the first element, "[t]here is also a trend *not* to recognize a viable claim where the alleged violation is a violation of policy rather than a violation of rule, regulation, or law."[26]

---

[25] *Goodman v. Wesley Med. Ctr., L.L.C.*, 276 Kan. 586, 78 P.3d 817, 589–590 (2003) (further citation, quotation, and brackets omitted).

[26] *See Holt v. Foot Locker Retail, Inc.*, 2022 WL 4547397, at *5 (D. Kan. 2022) (summarizing caselaw) (emphasis in original).

Defendant first argues that Plaintiff cannot point to any evidence supporting the first element, i.e., that it was violating any of rules, regulations, or the law pertaining to public health, safety, and the general welfare. Here, the only bases for Plaintiff's two "Whistleblower Complaints" are (1) Defendant's requirement that employees lock up company equipment and (2) that Defendant had two separate and conflicting policy books.

Regarding the first, it is not clear how Defendant's requiring its employee to lock up company equipment violates any rule, regulation, or law pertaining to public health, safety, and the general welfare. Plaintiff makes no argument to the contrary and fails to identify any rule, regulation, or law in support of his position. The Court cannot create an argument for Plaintiff out of thin air, as that would be impermissibly acting as an advocate on Plaintiff's behalf. As it stands, Plaintiff cannot assert a whistleblower retaliatory discharge claim based on Defendant's requirement that employees lock up company equipment.

As to the second, the uncontroverted evidence makes clear that Defendant had two subsequent policies—*not* two simultaneous and conflicting policies. Plaintiff signed his acknowledgement of the first on July 26, 2017, with the latter following on February 27, 2019. These policies were never in effect at the same time. Even if they were, it remains completely inexplicable how that would violate a rule, regulation, or law pertaining to public health, safety, and general welfare. Once again, Plaintiff offers nothing to support his case. Because the uncontroverted evidence shows that Plaintiff's whistleblowing claim is without basis in fact or law, Defendant is entitled to summary judgment.

### C.  Defendant's Motion to Strike is moot.

Having concluded that Defendant is entitled to summary judgment on each of Plaintiff's claims regardless of Plaintiff's Objections, Defendant's Motion to Strike these Objections is essentially moot.  For that reason, the Court denies the same.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 67) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 77) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2023.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE